CAYEY SUGAR CO., RECURRENTE, *v.* EL REGISTRADOR DE
GUAYAMA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama, denegando la inscripción, en el Registro de Contratos Agrícolas, de un contrato de refacción agrícola y molienda de cañas.

No. 361.—Resuelto en junio 29, 1918.

CONTRATOS AGRÍCOLAS—ANOTACIÓN DE—CONSENTIMIENTO DE TODOS LOS CONDUEÑOS.—Para que pueda anotarse en el Registro de Contratos Agrícolas, un contrato de siembra de cañas que han de cultivarse en una finca poseída en común proindiviso, es requisito indispensable el previo consentimiento de todos los condueños de la finca.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. F. V. Rodríguez Ortiz.*

El registrador recurrido, Sr. Pedro Gómez Lasserre, compareció en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La corporación recurrente presentó al registrador recurrido un contrato agrícola en el cual Pedro J. Mombille se compromete en la Cláusula III de dicho contrato a tener sembradas "el mayor número posible de cañas dulces, y que no sea menos de veinte y cinco cuerdas en la zafra de 1918" en una finca de cincuenta cuerdas, propiedad en común y proindiviso del citado Mombille y de su madre Carmen Vázquez, según aparece del propio registro.

El registrador denegó la anotación de dicho contrato en el Registro de Contratos Agrícolas por el fundamento de que del registro aparece "que la finca se halla inscrita en común y proindiviso a favor del señor Mombille Vázquez y su madre la señora Carmen Vázquez sin que conste el concurso y consentimiento de ésta en el referido documento."

Los casos de la *Porto Rico Leaf Tobacco Co.* v. *El Registrador,* 24 D. P. R. 894, 895 y de la *Fajardo Sugar Co.* v. *El Registrador de Humacao,* 25 D. P. R. 189, evidencian que

con arreglo a la ley el registrador tiene el derecho de calificar un contrato de esta índole y que para eso tiene el derecho de examinar los libros generales del registro con relación a la finca de cuya inscripción se trata.

La incapacidad de Mombille para otorgar este contrato sólo aparece de los artículos 401, 403 y 406 del Código Civil, el primero de los cuales, equivalente al 394 del Código Español, prescribe lo siguiente:

"Art. 401.—Cada partícipe podrá servirse de las cosas comunes, siempre que disponga de ellas conforme a su destino y de manera que no perjudique el interés de la comunidad, ni impida a los copartícipes utilizarlas según su derecho."

Comentando Manresa este artículo, dice:

"El principio de que, como verdadero dueño que es el comunero, puede servirse de la cosa objeto de la comunidad, * * * viene limitado en su ejecución: 1º. en interés de la misma comunidad, y 2º., en interés privativo de los otros comuneros.

"Limítase el derecho individual de cada partícipe en beneficio del general de la comunidad, prohibiendo, como en efecto la ley prohibe, al condueño disponer de la cosa común de manera contraria, no *a su naturaleza,* * * .* sino al *destino* de aquélla, fijado por la comunidad o por el uso admitido generalmente para dicha cosa, cual acertadamente prescribe este artículo. * * * El acuerdo de la comunidad es, pues, la primera condición que hay que respetar, y sólo cuando no exista estipulación expresa o tácita habrá de atenderse al destino que de ordinario se da a la cosa común para decidir si el comunero ha ido o no contra los intereses colectivos. * * *

"También se restringe por la ley este derecho cuando su efectividad perjudica a la comunión, no ya porque el comunero no se sirva de la cosa según su destino, sino porque la distraiga para su uso particular, contrariando los intereses de la colectividad." (3º. Manresa, 433, 434).

Entre las numerosas condiciones del contrato el citado Mombille convino (*b*) en no emplear en el cultivo de esas cañas ninguna clase de abono que no sea autorizado por la compañía, (*c*) en no regarlas durante los treinta días anteriores a sus respectivos cortes, (*d*) en no cortar dichas cañas.

hasta tanto no estén completamente maduras y haya sido ordenado el corte por la compañía. Cuando estas condiciones se consideran en conexión con el hecho principal de que cuando menos veinte y cinco cuerdas están sujetas a un gravamen absoluto sobre las siembras, se hace evidente que la condueña puede quedar gravemente perjudicada en su derecho, puesto que sus derechos son coextensivos con los de Mombille en cada acre de terreno.

Es de confirmarse la nota del registrador.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.